1  STEPHANIE M. HINDS (CABN 154284)
   Acting United States Attorney
2  MICHELLE LO (NYRN 4325163)
   Chief, Civil Division
3  JAMES A. SCHARF (CABN 152171)
   Assistant United States Attorney
4
5        U.S. Attorney's Office/Civil Division
         150 Almaden Blvd., Ste. 900
         San Jose, California 95113
6        Telephone: (415) 912-6370
         *james.scharf@usdoj.gov*
7
   Attorneys for Defendant USA
8
9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11                  SAN JOSE DIVISION

12
   KEUNHO (CHRIS) PARK, et al.,          )   No. 21-09639-EJD
13                                        )
              Plaintiffs                  )   **DEFENDANT USA'S ANSWER**
14                                        )
        v.                                )
15                                        )
   UNITED STATES OF AMERICA, et al.,      )
16                                        )
              Defendants.                 )
17  _____ )

18

19        Defendant USA ("Defendant"), by its attorneys, hereby answers Plaintiffs' Complaint as

20  follows.[1]

21        1.    This paragraph contains a jurisdictional allegation to which no response is necessary.  If a

22              response is necessary, Defendant admits that the Federal Tort Claims Act is Plaintiff's

23              exclusive remedy against the United States.  Defendant denies that Dr. Sakman acted within

24              the course and scope of her federal employment with respect to some or all of the matters set

25              forth in the Complaint.

26

27        [1] The paragraph numbering corresponds with the same numbered paragraph in Plaintiffs'
   Complaint.
28  DEFENDANT USA'S ANSWER
   NO. 21-09639-EJD

                                              1

2. This paragraph contains a venue allegation to which no response is necessary. If a response is necessary, Defendant admits that venue is proper in this district and division.

3. Defendant admits that Plaintiff exhausted some of their claims against Defendant. Defendant denies that Plaintiff exhausted their administrative remedies for their claims of assault, battery, sexual battery, sexual harassment, gender violence and sexual assault.

4. Admitted

5. Defendant admits that it is the sole proper defendant in Federal Tort Claims Action cases. Defendant denies that Does are proper defendants in federal cases. Defendant denies that Dr. Sakman acted within the course and scope of her federal employment with respect to some or all of the matters asserted in the Complaint.

6. Admitted

7. Defendant denies that Does are proper defendants in federal cases.

8. Denied. Dr. Sakman was not acting within the scope of her employment. Defendant denies that it ratified and approved Dr. Sakman's misconduct.

9. This is an incorporation paragraph to which no response necessary.

10. Defendant admits that Park began treatment with Dr. Sakman in February 2019. Defendant denies that he had not received MHC care from VA Palo Alto HCS prior to that date. Medical records indicate that he first received a mental health team consult at Palo Alto VAHCS on September 17, 2015.

11. Defendant admits that Dodge began treatment with Dr. Sakman in November 2018. Defendant denies that she had not received MHC care from VA Palo Alto HCS prior to that date. VA medical records indicate that she first received behavioral health care at Palo Alto VAHCS on April 19, 2017.

12. Defendant admits that Pere began treatment with Dr. Sakman in 2019; however, the first encounter was in June, not fall. Defendant denies that he had not received MHC care from VA Palo Alto HCS prior to that date. VA records indicate that he first received mental health care on December 20, 2012.

DEFENDANT USA'S ANSWER
NO. 21-09639-EJD

2

13. Defendant denies that it knew or reasonably should have known of Dr. Sakman's behavior at issue in this Complaint prior to Dr. Sakman informing her colleagues at the VA Palo Alto HCS on or about February 16, 2020.

14. Defendant is without sufficient information to affirm or deny allegations made in subparagraphs a-q, cc-dd, ff-gg, ii, qq-ss, uu, and xx-yy and therefore denies them. Defendant denies the allegations made in subparagraphs r-bb, jj – pp, tt, vv, zz, and aaa-bbb. By way of further response generally, *see* response to Paragraph 13.  Additionally, by way of further response specifically to zz and aaa, Defendant states that, after Dr. Sakman came forward and confessed, and prior to completion of an internal investigation, Dr. Sakman resigned from VA employment after admitting to an inappropriate romantic and sexual relationship with Plaintiff Park.  Further, VA cannot disclose details of its initiated employee disciplinary investigation under the Privacy Act. *See* 65 FR 146 (2000); Current SORN List (va.gov).

15. This paragraph contains an argument regarding the scope of employment issue; therefore, no response necessary.  If a response is necessary, Defendant denies Plaintiff's characterization of that issue.  *See* response to Paragraphs 8 and 13.

16. Denied.

17. Denied.

18. Denied.

19. This is an incorporation paragraph; therefore, no response is necessary.

20. This paragraph contains the anticipated opinions of Plaintiffs' retained and non-retained experts; therefore, no response is necessary.  Moreover, the paragraph does not contain any citation to authority.  If a response is required, Defendant denies this paragraph at this time for lack of knowledge.

21. *See* response to Paragraph 20.

22. *See* response to Paragraph 20.

23. *See* response to Paragraph 20.

24.    *See* response to Paragraph 20.

25.    Paragraph 25 contains conclusions of law to which no response is necessary.  If a response is required, Defendant denies these allegations.  *See* also response to Paragraph 13.

26.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

27.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

28.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

29.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

30.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

31.    This paragraph contains a statement of law to which no response is necessary.

32.    This paragraph contains a conclusion of law to which no response is necessary.  If a response is required, it is denied.

33.    Defendant lacks sufficient information to admit or deny the allegation in this paragraph and therefore denies them.

34.    Denied.

35.    This paragraph contains a conclusion of law to which no response is necessary.  If a response is required, it is denied.

36.    Denied.

37.    Denied.

38.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

39.    Denied.

40.    This is an incorporation paragraph; therefore, no response necessary.

DEFENDANT USA'S ANSWER
NO. 21-09639-EJD

4

41.  Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

42.  Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

43.  Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

44.  Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

45.  Denied.

46.  Denied

47.  Denied

48.  This is an incorporation paragraph; therefore, no response necessary.

49.  Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

50.  Admitted.

51.  Admitted.

52.  Denied.

53.  Denied.

54.  Denied.

55.  Denied.

56.  Denied.

57.  Denied.

58.  This is an incorporation paragraph; therefore, no response necessary.

59.  This paragraph contains a statement of law to which no response is necessary.

60.  This paragraph contains a conclusion of law to which no response is necessary.  If a response is required, Defendant states that Dr. Sakman's sexual conduct was outside the scope of her employment and thus the government is not liable under the Federal Tort Claims Act.

61.   Defendant admits that Defendant became aware of Dr. Sakman's sexual relationship with Plaintiff Park after she confessed to such on or about February 16, 2020.  Defendant lacks sufficient information to admit or deny as to Park seeing any conduct by Dr. Sakman as unwelcome, pervasive, and/or severe and therefore denies those allegations.  Defendant lacks sufficient information to admit or deny as to the allegations concerning Plaintiffs Pere and Dodge and therefore denies them.

62.   Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

63.   Denied.  *See* response to paragraph 60

64.   Denied.

65.   Denied.

66.   Denied.

67.   Denied.

68.   This is an incorporation paragraph; therefore, no response necessary

69.   This paragraph contains a statement of law to which no response is required

70.   Admitted.

71.   This paragraph contains a conclusion of law to which no response is necessary.

72.   This paragraph contains a conclusion of law to which no response is necessary.

73.   Denied.

74.   Denied.

75.   Denied.

76.   Denied.

77.   Denied.

78.   This is an incorporation paragraph; therefore, no response necessary.

79.   This paragraph contains a statement of law to which no response is required

DEFENDANT USA'S ANSWER
NO. 21-09639-EJD

80.   Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.  The paragraph also contains a conclusion of law to which no response is necessary.

81.   This paragraph contains a conclusion of law to which no response is necessary.

82.   This paragraph contains a conclusion of law to which no response is necessary.

83.   This paragraph contains a conclusion of law to which no response is necessary.

84.   Denied.

85.   Denied.

86.   This is an incorporation paragraph; therefore, no response necessary.

87.   This paragraph contains a statement of law to which no response is necessary.

88.   This paragraph contains a conclusion of law to which no response is necessary.

89.   This paragraph contains a conclusion of law to which no response is necessary.

90.   This paragraph contains a conclusion of law to which no response is necessary.

91.   Denied.

92.   Denied.

Defendant denies all factual allegations that Defendant has not expressly admitted.

Plaintiff's Prayer for Relief requires no response.  If a response is required, Defendant denies that Plaintiffs are entitled to any relief.  Plaintiff's relief is also limited to the relief available under the Federal Torts Claims Act, which does not provide for attorney's fees, special damages, interest, or the right to a jury trial.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over some or all of Plaintiffs' claims.  The Federal Tort Claims Act is a limited waive of sovereign immunity.  Dr. Sakman acted outside the scope of her federal employment with respect to some or all of the matters set forth in the Complaint.  Alternatively,

DEFENDANT USA'S ANSWER
NO. 21-09639-EJD

the intentional tort exception of the Federal Tort Claims Act bars recovery against Defendant for Dr. Sakman's intentional misconduct. Any claims for negligent hiring, training, supervision, and retention are barred by the discretionary function exception of the Federal Tort Claims Act. For these reasons, sovereign immunity bars some or all of Plaintiffs' claims.

## THIRD AFFIRMATIVE DEFENSE

Any injuries, loss, or damage sustained by Plaintiffs were caused in whole or in part by the Plaintiffs' negligent conduct (e.g., failing to report Dr. Sakman's misconduct to the VA) and any recovery by Plaintiffs must be reduced proportionately by the percentage of such negligent conduct.

## FOURTH AFFIRMATIVE DEFENSE

The alleged injuries and damages of Plaintiffs were not proximately caused by a negligent, careless or wrongful act or omission of the Defendant United States or its employees acting within the course and scope of their federal employment.

## FIFTH AFFIRMATIVE DEFENSE

Pursuant to 28 U.S.C. § 2675(b), Plaintiffs are prohibited from seeking an amount over the amount asserted in their administrative claims. Plaintiffs are also prohibited from asserting claims that were not included in their administrative claims which the VA did not have the opportunity to investigate.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to a jury trial against the United States in a Federal Tort Claims Act case. 28 U.S.C. § 2402.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate any alleged damages (e.g., failing to report Dr. Sakman's misconduct to the VA).

## EIGHTH AFFIRMATIVE DEFENSE

The concurrent acts of others, and not of the Defendant United States or its employees acting within the scope of their employment, were the proximate cause of the occurrence set forth in Plaintiffs' Complaint.

1

**NINTH AFFIRMATIVE DEFENSE**

2    The acts of others, and not Defendant United States or its employees acting within the scope of

3    their employment, were the sole and proximate intervening and/or superseding cause of the occurrence

4    set forth in Plaintiffs' Complaint.

5

**TENTH AFFIRMATIVE DEFENSE**

6    Plaintiffs' damages against the United States are limited to the damages recoverable under the

7    Federal Tort Claims Act.  Attorney's fees are governed by that statute.

8

**ELEVENTH AFFIRMATIVE DEFENSE**

9    The damages alleged in the Compliant are excessive and/or speculative.

10

**TWELFTH AFFIRMATIVE DEFENSE**

11    Plaintiffs' injuries or damages, if any, were caused by the negligence or wrongful acts of third

12    parties that were not under the control of the Defendant United States.

13

**THIRTEENTH AFFIRMATIVE DEFENSE**

14    Plaintiffs are not entitled to an award of pre-judgment interest as to the United States.

15

**FOURTEENTH AFFIRMATIVE DEFENSE**

16    Plaintiffs are not entitled to an award of post-judgment interest as to the United States.

17

**FIFTEENTH AFFIRMATIVE DEFENSE**

18    Plaintiffs shall not be entitled to recover damages for past medical expenses or past lost earnings

19    for which they have received payment from any collateral source except to the extent permitted by CA

20    tort law.

21

**SIXTEENTH AFFIRMATIVE DEFENSE**

22    If Defendant United States was negligent, which is expressly denied, others were also negligent.

23    Defendant may thus only be held liable for its proportionate share of the fault, if any.

24

**SEVENTEENTH AFFIRMATIVE DEFENSE**

25    Damages recoverable, if any, are subject to the limits of the law of the state of

26    California, including limitations on the award of non-economic damages.

27    Defendant reserves the right to raise any and all possible affirmative defenses that

28    DEFENDANT USA'S ANSWER
NO. 21-09639-EJD

9

1    may come forth as a result of discovery procedures.

2        WHEREFORE, having answered the Complaint, Defendant requests the Complaint be dismissed,

3    and that it be compensated for its costs incurred herein, and for such further relief as is deemed just and

4    proper by this Court.

5

6    DATED:  March 29, 2021                    STEPHANIE M. HINDS
                                              United States Attorney
7

8                                             /s/ James A. Scharf
                                              JAMES A. SCHARF
9                                             Assistant United States Attorney
                                              Attorneys for Defendant USA
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   DEFENDANT USA'S ANSWER
     NO. 21-09639-EJD