1 STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney
2 MICHELLE LO (NYRN 4325163)
Chief, Civil Division
3 JAMES A. SCHARF (CABN 152171)
Assistant United States Attorney

U.S. Attorney's Office/Civil Division
150 Almaden Blvd., Ste. 900
San Jose, California 95113
Telephone: (415) 912-6370
*james.scharf@usdoj.gov*

Attorneys for Defendant USA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KEUNHO (CHRIS) PARK, et al., <br><br> Plaintiffs <br><br> v. <br><br> UNITED STATES OF AMERICA, et al., <br><br> Defendants. | No. 21-09639-EJD <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> Date of CMC: May 2, 2022 <br> Time of CMC: 10:00 a.m. <br> Pace of CMC: Zoom Webinar |

The parties respectfully submit this JOINT CASE MANAGEMENT STATEMENT. The parties jointly request the Court to adopt the proposed schedule set forth below and vacate the May 12, 2022 Case Management Conference.

**1. Facts:**

This is a medical malpractice and sexual harassment/assault case filed by three Plaintiffs who were patients of Ferda Sakman, M.D., a former psychiatrist at the VA Palo Alto Healthcare System. Plaintiffs sue Defendant USA under the Federal Tort Claims Act ("FTCA). Plaintiffs also sue Defendant Sakman under various state law causes of action. Plaintiffs allege that Defendant Sakman had a non-consensual sexual relationship with Plaintiff Keunho Park and engaged in sexually inappropriate conduct with other patients, including Plaintiffs Felicia Dodge and Daniel Pere. Plaintiffs

JOINT CASE MANAGEMENT STATEMENT
NO. 21-09639-EJD

1

also allege that Defendant Sakman advised Plaintiffs to take the hallucinogenic Ayahuasca, and drugged Plaintiff Park with Ayahuasca, among other inappropriate conduct. Plaintiffs also assert other allegations of negligence by Defendant Sakman and VA Palo Alto HCS administrative employees.

Plaintiffs contend that Defendant USA is liable for Defendant Sakman's conduct because all and/or some of her conduct fell within the scope of her federal employment. Plaintiffs contend that if any conduct fell outside of the course and scope of her employment, Defendant USA knew of Defendant Sakman's misconduct and the doctrine of ratification applies to hold Defendant USA and Sakman liable.

Defendant USA contends that it is not vicariously liable for Defendant Sakman's misconduct because she acted outside the scope of her federal employment. Even if she acted within the scope of her federal employment, Defendant contends that Plaintiffs claims are barred by the intentional tort exception to the FTCA. Defendant further contends that Plaintiffs' claims against Defendant USA for negligent hiring, training, supervision, and retention are barred by the discretionary function exception to the FTCA. Defendant contends that it was unaware of Defendant Sakman's misconduct until she came forward and confessed. Defendant Sakman resigned, surrendered her medical license, and is being investigated for possible criminal prosecution by the VA Office of Inspector General. Defendant denies that the VA Palo Alto HCS administrative employees were negligent.

Plaintiffs dispute Defendant's contentions. Plaintiffs contend that the arguments and defenses asserted by Defendant USA do not apply here.

**2. Jurisdiction, Service, and Case Status:**

The Court has subject matter jurisdiction over Plaintiffs' claims against Defendant USA because they arise under a federal statute, the FTCA. The Court has pendent jurisdiction over Plaintiffs' state law claims against Defendant Sakman. Defendant filed an answer. Defendant Sakman has not yet been served. There are no issues regarding personal jurisdiction, venue, or service as to Defendant USA.

**3.  Legal Issues:**

Liability and damages issues under the FTCA are governed by California law. Plaintiff must establish the prima facie case for her alleged claims under California law for (1) medical malpractice; (2) intentional infliction of emotional distress; (3) breach of fiduciary duty; (4) assault; (5) battery; (6)

sexual battery; (7) gender violence and sexual assault; (8) sexual harassment; and (9) negligent hiring, supervision and retention.

In this case, other issues include: (1) whether Defendant Sakman acted within the scope of her federal employment; (2) if so, whether Plaintiffs' claims against Defendant USA for DefendantSakman's misconduct are barred by the intentional tort exception of the FTCA; and (3) whether Plaintiffs' claims for negligent hiring, training, supervision, and retaining are barred by the discretionary function exception of the FTCA. Defendant intends to file a motion to dismiss/motion for summary judgment asserting these defenses.

**4.    Motions:**

Defendant intends to file a motion to dismiss/motion for summary judgment asserting the three defenses noted in the preceding section. Defendant intends to file that motion before ADR so that Plaintiffs can consider Defendant's legal arguments when evaluating their case for settlement. Defendant does not require that its anticipated motion be resolved before ADR.

**5.    Amendment of Pleadings:**

None anticipated.

**6.    Evidence Preservation:**

The parties have taken reasonable steps to preserve potentially relevant information. The parties will meet and confer about any e-discovery issues that may arise. The parties do not believe that this case raises significant e-discovery concerns.

**7.    Disclosures:**

The parties will exchange initial disclosures by April 29, 2022.

**8.    Discovery:**

After reviewing the initial disclosures, the parties will serve written discovery requests. Defendant will depose Plaintiffs remotely after the parties have responded to the written discovery requests. Defendant will also subpoena relevant medical and employment records. Plaintiffs will depose relevant VA witnesses and the United States under Rule 30(b)(6). The parties anticipate that Defendant. Sakman will be unable to participate in discovery on Fifth Amendment grounds while she is

being investigated for possible criminal prosecution.  The parties will meet and confer after initial disclosures are exchanged to determine if presumptive discovery limits shall apply or if additional discovery may be necessary.

The parties will meet and confer regarding authorizations for the release of Plaintiffs' relevant medical records.  Plaintiffs agree to submit to defense medical examinations by a psychiatrist and psychologist, and to submit to a vocational rehabilitation interview if they are pursuing claims for wage loss or loss of earning capacity.  Each party will informally update the other parties on the types of experts they intend to retain (e.g., psychiatrist, psychologist, vocational rehabilitation counselor, life care planner, economist, etc.) so that the opposing parties have the opportunity to retain matching experts.  The parties agree that documents obtained through discovery are presumptively authentic.

**9.     Class Actions:**

This lawsuit is not a class action.

**10.    Related Cases:**

None.

**11.    Relief:**

Plaintiffs seek monetary relief including past and future medical expenses, past and future wage loss and loss of earning capacity, and past and future pain and suffering.  Defendant contends that the $250,000.00 MICRA limit on pain and suffering applies to each Plaintiff.  Plaintiffs disagree.

**12.    Settlement and ADR:**

The parties have agreed to participate in a private mediation before January 31, 2023 with Cathy Yanni or Michael Ornstil from JAMS after confidential preliminary expert reports are exchanged, while Defendant's anticipated motion is pending.

**13.    Consent to Magistrate Judge for All Purposes:**

The parties do not consent.

**14.    Other References:**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues:**

The issues may be narrowed through Defendant's anticipated motion to dismiss/motion for summary judgment and through stipulations and motions in limine.

**16. Expedited Trial Procedures:**

The parties do not believe that this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64, Attachment A.

**17. Scheduling:**

The parties propose the following case management schedule:

| EVENT | DEADLINE |
| --- | --- |
| Exchange of confidential preliminary expert reports | November 1, 2022 |
| Exchange of confidential preliminary expert rebuttal reports | December 1, 2022 |
| Fact Discovery Cutoff | February 1, 2023 |
| Deadline(s) for Filing Discovery Motions | See Civil Local Rule 37-3 |
| Designation of Opening Experts with Reports | March 1, 2023 |
| Designation of Rebuttal Experts with Reports | March 15, 2023 |
| Deadline for Filing Dispositive Motions | December 9, 2022 |
| Mediation Cutoff | January 31, 2023 |
| Expert Discovery Cutoff | April 14, 2023 |
| Joint Trial Setting Conference Statement | May 16, 2023 |
| Trial Setting Conference | 11:00 a.m. on May 25, 2023 |

**18.    Trial**

Plaintiffs' FTCA claim against Defendant USA will be tried to the bench.  Plaintiffs' pendent state law claims against Defendant Sakman may be tried to a jury.  The parties anticipate that a trial will last approximately nine court days.

**19.    Disclosure of Non-Party Interested Entities or Persons:**

Defendant USA is not required to file a Certification of Interested Entities or Persons under Civil Local Rule 3-15.  Plaintiffs do not disclose any non-party interested entities or persons.

**20.    Professional Conduct:**

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.    Other Matters that Affect Case Management**

Defendant USA's lead attorney, Assistant United States Attorney James A. Scharf, is retiring in late January 2023.  He would like to work up and resolve this case before his retirement if possible. That is why the parties have submitted a proposed case management schedule that includes a private mediation in by January 2023 after confidential, preliminary expert reports are exchanged.

DATED:  March 29, 2022

        STEPHANIE M. HINDS
        Acting United States Attorney


        */s/ James A. Scharf*
        JAMES A. SCHARF
        Assistant United States Attorney
        Attorneys for Defendant USA

DATED:  March 29, 2022

        */s/ Elana R. Jacobs*
        JOHN D. WINER
        ELANA R. JACOBS
        MICHAEL S. REEDER
        Attorneys for Plaintiffs
        Attorney for Plaintiffs

JOINT CASE MANAGEMENT STATEMENT
NO. 21-09639-EJD